1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ON BEHALF OF THE NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION and THE UNITED STATES DEPARTMENT OF THE INTERIOR; STATE OF WASHINGTON THROUGH THE DEPARTMENT OF ECOLOGY; LOWER ELWHA KLALLAM TRIBE; PORT GAMBLE S'KLALLAM TRIBE; AND THE JAMESTOWN S'KLALLAM TRIBE,<br><br>                    Plaintiffs,<br><br>         v.<br><br>NIPPON PAPER INDUSTRIES USA CO., LTD, MERRILL & RING INC., GEORGIA-PACIFIC LLC, THE PORT OF PORT ANGELES, OWENS CORNING, and THE CITY OF PORT ANGELES,<br><br>                    Defendant. | CIVIL NO. 21-cv-5204<br>COMPLAINT |

Rachel Hankey
USDOJ/ENRD/EES
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044
(415) 744-6471

# I.     INTRODUCTION

The United States of America ("United States"), on behalf of the National Oceanic and Atmospheric Administration ("NOAA") and the United States Department of the Interior, the State of Washington (the "State") through the Washington State Department of Ecology, the Lower Elwha Klallam Tribe, the Port Gamble S'Klallam Tribe, and the Jamestown S'Klallam Tribe (collectively, "Plaintiffs"), hereby file this complaint against defendants Nippon Paper Industries USA Co., Ltd., Merrill & Ring Inc., Georgia-Pacific LLC, Owens Corning, the Port of Port Angeles, and the City of Port Angeles ("Defendants") pursuant to Section 107 of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. § 9607; Section 311 of the Clean Water Act (CWA), 33 U.S.C. § 1321; and Section 1002 of the Oil Pollution Act of 1990 (OPA), 33 U.S.C. § 2702; the Model Toxics Control Act ("MTCA"), Wash. Rev. Code § 70A.305.040(2); and Wash. Rev. Code § 90.48.142 for natural resource damages at the Western Port Angeles Harbor Site.

Plaintiffs allege as follows:

# II.     GENERAL ALLEGATIONS

1.      This is a civil action under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Section 311 of the CWA, 33 U.S.C. § 1321; Section 1002(b) of OPA, 33 U.S.C. § 2702(b); MTCA, Wash. Rev. Code § 70A.305.040(2); and Wash. Rev. Code § 90.48.142 for damages for injury to, destruction of, or loss of natural resources resulting from the release of hazardous substances and discharges of oil into the Western Port Angeles Harbor MTCA Site (hereinafter "Site") in Tacoma, Washington.

# III.     JURISDICTION AND VENUE

2.      This Court has jurisdiction over this case pursuant to Sections 107 and 113(b) of

COMPLAINT – Page 2

CERCLA, 42 U.S.C. §§ 9607 and 9613(b), Section 311(n) of the CWA, 33 U.S.C. § 1321(n);

Section 1017(b) of OPA, 33 U.S.C. § 2717(b); and 28 U.S.C. §§ 1331, 1345 and 1367(a).

3.      Venue is proper in this district pursuant to Section 113(b) of CERCLA, 42 U.S.C.

§ 9613(b) and (c), Section 1017(b) of OPA, 33 U.S.C. § 2717(b); Section 311 of the CWA, 33

U.S.C. § 1321(b)(7); and 28 U.S.C. § 1391(b) and (c).

IV.      THE SITE

4.      Port Angeles Harbor is located on the northern coast of Washington's Olympic

Peninsula and along the southern shoreline of the Strait of Juan de Fuca in Port Angeles,

Washington.  Over the past century, the Harbor has been used by a number of industries

including sawmills and plywood manufacturing, pulp and paper production, marine

shipping/transportation, boat building and refurbishing, and petroleum bulk fuel facilities.

5.      Beginning in 2008, the Washington Department of Ecology (hereinafter

"Ecology") conducted an investigation of the Harbor that included sampling of marine sediment

and confirmed that releases of hazardous substances had occurred. See Port Angeles Harbor

Sediment Characterization Study, Sediment Investigation Report, December 2012; Port Angeles

Harbor Supplemental Data Evaluation to the Sediment Investigation Report, Summary Report,

December 2012; Port Angeles Harbor Sediment Dioxin Source Study, Port Angeles, WA, Final

Report, February 2013. The Site is generally located in the western part of Port Angeles Harbor,

and is defined by the extent of contamination caused by the release of hazardous substances.

6.      The Site is contaminated with oil and a variety of hazardous substances including

metals, dioxins/furans, PCBs, and semivolatile organic compounds (SVOCs).

7.      Port Angeles Harbor is a "navigable water" within the meaning of Section

1001(21) of OPA, 33 U.S.C. § 2701(21), and Sections 311 and 502(7) of the CWA, 33 U.S.C.

Rachel Hankey
USDOJ/ENRD/EES
P.O. Box 7611 Ben Franklin Station
Washington, D.C.  20044
(415) 744-6471

§§ 1321 and 1362(7).

8.       In 2012, Plaintiffs established the Port Angeles Harbor Trustee Council in order to coordinate and facilitate an assessment of damages for injuries to natural resources resulting from contamination at or from facilities in the Port Angeles Harbor.

9.       In August 2013, the Trustees prepared a pre-assessment screen for the Site pursuant to 43 C.F.R. Part 11 and concluded that a discharge of hazardous substances had occurred and that natural resources under trusteeship have been and continue to be adversely affected including degraded benthic communities, loss of fish and shellfish stock, and loss of nursery habitat.

## V.      PLAINTIFFS

10.      Pursuant to Section 107(f) of CERCLA, 42 U.S.C. § 9607(f), Section 1006 of OPA, 33 U.S.C. § 2706, Section 311(f)(5) of the CWA, 33 U.S.C. § 1321(f)(5), and 40 C.F.R. § 300.600, the United States is trustee for certain natural resources at the Site.

11.      Pursuant to Section 107(f) of CERCLA, 42 U.S.C. § 9607(f), Section 1006 of OPA, 33 U.S.C. § 2706, Section 311(f)(5) of the CWA, 33 U.S.C. § 1321(f)(5), 40 C.F.R. § 300.605, Wash. Rev. Code ch. 70A.305, and Wash. Rev. Code ch. 90.48, the State of Washington is trustee for certain natural resources at the Site.

12.      Pursuant to Section 107(f) of CERCLA, 42 U.S.C. § 9607(f), Section 1006 of OPA, 33 U.S.C. § 2706, and 40 C.F.R. § 300.610, the Lower Elwha Klallam Tribe, is trustee for certain natural resources at the Site.

13.      Pursuant to Section 107(f) of CERCLA, 42 U.S.C. § 9607(f), Section 1006 of OPA, 33 U.S.C. § 2706, and 40 C.F.R. § 300.610, the Port Gamble S'Klallam Tribe is trustee for certain natural resources at the Site.

COMPLAINT – Page 4

Rachel Hankey
USDOJ/ENRD/EES
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044
(415) 744-6471

14.     Pursuant to Section 107(f) of CERCLA, 42 U.S.C. § 9607(f), Section 1006 of OPA, 33 U.S.C. § 2706, and 40 C.F.R. § 300.610, the Jamestown S'Klallam Tribe is trustee for certain natural resources at the Site.

## VI.     DEFENDANTS

15.     Nippon Paper Industries USA Co., Ltd. ("Nippon"), was the owner and operator of a paper mill facility located at 1805 Marine Drive in Port Angeles, Washington. As owner and operator of this facility, Nippon owned or operated portions of the Site including a lagoon, and state owned aquatic lands, DNR Leases No. 51-032481, 20-012614, 20-012019, 22-002615, 22-002697, and 22-077766.

16.     Merrill & Ring Inc. ("Merrill &Ring") was the owner and operator of a lumber mill facility located at 1608 Marine Drive in Port Angeles from 1958 to 1988 on property leased from the Port of Port Angeles. Merrill & Ring also owned and conducted operations on the adjoining property. In addition, Merrill & Ring operated on a portion of the Site on leased state aquatic lands adjacent to the mill property in DNR Lease H.A. 2301. This facility released or disposed of hazardous substances at the Site directly through outfalls into the Harbor.

17.     Georgia-Pacific LLC ("Georgia-Pacific") is the successor to the owner and operator of a paper mill facility located at 1805 Marine Drive in Port Angeles, which disposed or released hazardous substances at the Site through multiple outfalls directly into the Harbor. Georgia-Pacific is also the successor to the owner at the time of disposal for portions of the Site, including leased aquatic lands in DNR Leases HA-1406, H.A 1692, H.A. 2057, and H.A. 2434.

18.     Owens Corning is the successor in interest to the owner and operator of a paperboard plant located at or near 1313 Marine Drive from 1927 to 1970, and leased state aquatic lands adjacent to the site. This facility disposed or released hazardous substances directly

COMPLAINT – Page 5

Rachel Hankey
USDOJ/ENRD/EES
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044
(415) 744-6471

into the Port Angeles Harbor.

19.     Upon information and belief, each of the mill facilities listed above had operations that resulted in direct discharges or other process discharges of oil or hazardous substances, including metals, SVOCs, dioxin/furans, and PCBs at the Site.

20.     The Port of Port Angeles ("Port") is a municipal corporation under the laws of the State of Washington and owns or formerly owned properties where Fireboard Corporation and Merrill and Ring operated facilities and released hazardous substances at the Site. The Port also is or was the owner or operator of portions of the Site, including the Boat Haven marina and state owned aquatic lands, documented in DNR Port Management Agreement No. 22-080013 and Leases No. HA-1878, HA-2047, where releases of hazardous substances and oil have occurred.

21.     The City of Port Angeles ("City") at times has operated eleven combined sewer overflow (CSO) discharge points that discharged untreated wastewater and stormwater directly into Port Angeles Harbor during periods of heavy rainfall. Through these CSO discharge points, the City conveyed hazardous substances into Port Angeles Harbor. Four of these continue to operate. Upon information and belief, these discharge points released oil and hazardous substances, including metals, SVOCs, dioxins/furans and PCBs, into Port Angeles Harbor.

22.     Defendants' properties are facilities within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9), and Sections 1001(9) and 1002 of OPA, 33 U.S.C. §§ 2701(9) and 2702 and are onshore facilities within the meaning of Section 31l(f)(l) of the CWA, 33 U.S.C. § 1321(f)(l).

23.     During Defendants' ownership and operation of the facilities identified in Paragraphs 15-21 oil and hazardous substances were discharged and released to the Port Angeles Harbor through direct discharge or other process discharges, and some of these hazardous

COMPLAINT – Page 6

substances are found in the sediments at the Site. Discharges were thus to "navigable waters" or "adjoining shorelines" within the meaning of Section 1002(a) of OPA, 33 U.S.C. § 2702(a), and Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3).

24.     Hazardous substances released to Port Angeles Harbor and found in sediments at the Site include, but are not limited to, metals, dioxins/furans, PCBs, and semivolatile organic compounds (SVOCs).

25.     These hazardous substances have caused injury to, destruction of and loss of natural resources in the Port Angeles Harbor under Plaintiffs' trusteeship, including fish, shellfish, invertebrates, marine sediments, and resources of cultural significance. Plaintiffs further allege that each of them and the public have suffered the loss of natural resource services (including ecological services as well as direct and passive human use losses) as a consequence of those injuries.

## VII.     FIRST CLAIM FOR RELIEF

26.     Plaintiffs reallege paragraphs 1 through 25.

27.     Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part, as follows:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section -
> (1) the owner and operator of a vessel or a facility,
> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
> . . . from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for . . .
> (C) damages for injury to, destruction of, or loss of natural resources, including the reasonable costs of assessing such injury, destruction, or loss resulting from such a release;

28.     Materials disposed of and released in the Port Angeles Harbor by Defendants

COMPLAINT – Page 7

Rachel Hankey
USDOJ/ENRD/EES
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044
(415) 744-6471

include hazardous substances within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

29.     The properties identified above are facilities within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

30.     Releases of hazardous substances have occurred in the Port Angeles Harbor within the meaning of Sections 101(22) of CERCLA, 42 U.S.C. § 9601(22). The releases of hazardous substances in the Port Angeles Harbor from the identified facilities owned or operated by Defendants have resulted in injury to, destruction of, or loss of natural resources within the trusteeship of one or more of the Plaintiffs.

31.     Defendants are persons within the meaning of Section 107 of CERCLA, 42 U.S.C. 21 § 9607.

32.     Defendants are liable to Plaintiffs for natural resource damages resulting from releases of hazardous substances pursuant to Section 107(a)(4)(C) of CERCLA, 42 U.S.C. § 9607(a)(4)(C).

## VIII.   SECOND CLAIM FOR RELIEF

33.     Plaintiffs reallege paragraphs 1 through 25.

34.     Section 1002(a) of OPA, 33 U.S.C. § 2702(a), provides in pertinent part, as follows:

> Notwithstanding any other provision or rule of law, and subject to the provisions of this Act, each responsible party for a vessel or a facility from which oil is discharged, or which poses the substantial threat of a discharge of oil, into or upon the navigable waters or adjoining shorelines or the exclusive economic zone is liable for the removal costs and damages specified in subsection (b) of this section that result from such incident.

35.     Section 1002(b)(2)(A) of OPA, 33 U.S.C. § 2702(b)(2)(A), provides that

COMPLAINT – Page 8

1  responsible parties are liable for:

> Damages for injury to, destruction of, loss of, or loss of use of, natural resources, including the reasonable costs of assessing the damage, which shall be recoverable by a United States trustee, a State trustee, an Indian Tribe trustee, or a foreign trustee.

36.    The properties owned or operated by Defendants were and are facilities within the meaning of Sections 1001(9) and 1002 of OPA, 33 U.S.C. §§ 2701(9) and 2702.

37.    Defendants are responsible parties within the meaning of Section 1001(32) of OPA, 33 U.S.C. § 2701(32).

38.    The discharge of oil into the Port Angeles Harbor or adjoining shorelines from the identified facilities owned or operated by Defendants has resulted in injury to, destruction of, or loss of natural resources within the trusteeship of one or more of the Plaintiffs.

39.    Defendants are liable to Plaintiffs for natural resource damages resulting from discharges of oil pursuant to Section 1002 of OPA, 33 U.S.C. § 2702.

## IX.    THIRD CLAIM FOR RELIEF

40.    Plaintiffs reallege paragraphs 1 through 25.

41.    Section 311(b)(3) of the CWA, 33 U.S.C. § 1321(b)(3), provides in pertinent part, as follows:

> The discharge of oil or hazardous substances (i) into or upon the navigable waters of the United States, adjoining shorelines, or into or upon the waters of the contiguous zone . . . or which may affect natural resources belonging to, appertaining to, or under the exclusive management authority of the United States . . . in such quantities as may be harmful as determined by the President under paragraph (4) of this subsection, is prohibited  . . . .

42.    Section 311(f)(2) of the CWA, 33 U.S.C. § 1321(f)(2), provides in pertinent part, as follows:

> Except where an owner or operator of an onshore facility can prove that a discharge was caused solely by (A) an act of God, (B) an act of war, (C)

COMPLAINT – Page 9

negligence on the part of the United State Government, or (D) an act or omission of a third party without regard to whether an such act or omission was or was not negligent, or any combination of the foregoing clauses, such owner or operator of any such facility from which oil or a hazardous substance is discharged in violation of subsection (b)(3) of this section shall be liable to the United States Government for the actual costs incurred under subsection (c) of this section for the removal of such oil or substance by the United States Government . . . .

43.     Section 311(f)(4) of the CWA, 33 U.S.C. § 1321(f)(4), provides in pertinent part, as follows:

The costs of removal of oil or a hazardous substance for which the owner or operator of a vessel or onshore or offshore facility is liable under subsection (f) of this section shall include any costs or expenses incurred by the Federal Government or any State government in the restoration or replacement of natural resources damaged or destroyed as a result of a discharge of oil or a hazardous substance in violation of subsection (b) of this section.

44.     The identified facilities owned or operated by Defendants are onshore facilities within the meaning of Section 31l(f)(l) of the CWA, 33 U.S.C. § 1321(f)(l).

45.     There have been discharges of oil or hazardous substances in harmful quantities into the Port Angeles Harbor and adjoining shorelines from the identified facilities owned or operated by Defendants.

46.     Discharges of oil or hazardous substances from the facilities owned or operated by Defendants into the Port Angeles Harbor or adjoining shorelines have affected, damaged or destroyed natural resources belonging to, appertaining to, or under the exclusive management authority of the United States.

47.     Defendants are liable to the Plaintiffs for natural resource damages resulting from discharges of oil or hazardous substances into the Port Angeles Harbor, or adjoining shorelines pursuant to Section 311(f) of the CWA, 33 U.S.C. § 1321(f).

Rachel Hankey
USDOJ/ENRD/EES
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044
(415) 744-6471

1

## X.     FOURTH CLAIM FOR RELIEF

2

48.     Plaintiffs reallege paragraphs 1 through 25.

3

49.     MTCA, provides at Wash. Rev. Code § 70A.305.040 as follows:

4

5

(1) Except as provided in subsection (3) of this section, the following persons are liable with respect to a facility:

6

(a) The owner or operator of the facility;

7

(b) Any person who owned or operated the facility at the time of disposal or release of the hazardous substances;

8

(c) Any person who owned or possessed a hazardous substance and who by contract, agreement, or otherwise arranged for disposal or treatment of the hazardous substance at the facility, or arranged with a transporter for transport for disposal or treatment of the hazardous substances at the facility, or otherwise generated hazardous wastes disposed of or treated at the facility;

9

10

11

(d) Any person (i) who accepts or accepted any hazardous substance for transport to a disposal, treatment or other facility selected by such person, from which there is a release or a threatened release for which remedial action is required, unless such facility, at the time of disposal or treatment, could legally receive such substance; or (ii) who accepts a hazardous substance for transport to such a facility and has reasonable grounds to believe that such facility is not operated in accordance with chapter 70A.300 RCW; and

12

13

14

15

16

(e) Any person who both sells a hazardous substance and is responsible for written instructions for its use if (i) the substance is used according to the instructions and (ii) the use constitutes a release for which remedial action is required at the facility.

17

18

(2) Each person who is liable under this section is strictly liable, jointly and severally, for . . . all natural resource damages resulting from the releases or threatened releases of hazardous substances.

19

20

21

50.     Materials disposed of or released in the Western Port Angeles Harbor Site from

22

the identified facilities owned or operated by Defendants include hazardous substances within

23

the meaning of Wash. Rev. Code § 70A.305.020(13).

24

25

51.     The identified sites owned or operated by Defendants are facilities within the

26

meaning of Wash. Rev. Code § 70A.305.020(22).

27

52.     The Western Port Angeles Harbor Site is a site where hazardous substances have

28

come to be located and is therefore a facility within the meaning of Wash. Rev. Code

COMPLAINT – Page 11

§ 70A.305.020(8).

53.     Releases or threatened releases of hazardous substances have occurred in the Western Port Angeles Harbor Site within the meaning of Wash. Rev. Code § 70A.305.020(32) and Wash. Rev. Code § 70A.305.040.

54.     The natural resources that have been and continue to be injured, destroyed, or lost by the release of hazardous substances from the identified facilities owned or operated by Defendants include fish, shellfish, invertebrates, marine sediments, and other such natural resources.

55.     The State of Washington has incurred costs related to the assessment of injury to natural resources caused by the releases of hazardous substances from the identified facilities owned or operated by Defendants.

56.     Pursuant to Wash. Rev. Code § 70A.305.040(2), Defendants are jointly and severally liable to the State of Washington for all damages to natural resources at the Western Port Angeles Harbor Site, resulting from the release of hazardous substances at or from Defendants' identified facilities.

## XI.     FIFTH CLAIM FOR RELIEF

57.     Plaintiffs reallege paragraphs 1 through 25.

58.     Wash. Rev. Code § 90.48.142 provides as follows:

> (1) Any person who:
> (a) . . .
> (v) Otherwise causes a reduction in the quality of the state's waters below the standards set by the department or, if no standards have been set, causes significant degradation of water quality, thereby damaging the same; and
> (b) Causes the death of, or injury to, fish, animals, vegetation, or other resources of the state; shall be liable to pay the state and affected counties and cities damages in an amount determined pursuant to RCW 90.48.367.

59.     Each of the Defendants are persons within the meaning of Wash. Rev. Code

COMPLAINT – Page 12

Rachel Hankey
USDOJ/ENRD/EES
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044
(415) 744-6471

§ 90.48.142.

60.     The Defendant's releases of hazardous substances to state waters in Port Angeles Harbor have caused reduction of water quality below standards set by the Department of Ecology.

61.     The natural resources that have been and continue to be injured, destroyed, or lost by the release of hazardous substances from the identified facilities owned or operated by Defendants include fish, shellfish, invertebrates, marine sediments, and other such natural resources.

62.     The State of Washington has incurred costs related to the assessment of injury to natural resources caused by the releases of hazardous substances from the identified facilities owned or operated by Defendants.

63.     Pursuant to Wash. Rev. Code § 90.48.142, Defendants are liable to the State of Washington for all damages to natural resources in the Port Angeles Harbor, resulting from the release of hazardous substances at or from Defendants' identified facilities.

## XII.   REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request that this Court enter judgment against Defendants:

(1) For damages for injury to natural resources resulting from the discharges or releases of hazardous substances in the Port Angeles Harbor, including the costs of assessing such damages; and

(2) Awarding Plaintiffs such other and further relief as this Court may deem appropriate.

Rachel Hankey
USDOJ/ENRD/EES
P.O. Box 7611 Ben Franklin Station
Washington, D.C. 20044
(415) 744-6471

1                                   UNITED STATES OF AMERICA

2

3                                   NATHANIEL DOUGLAS
                                    Deputy Section Chief

4                                   Environmental Enforcement Section
                                  Environment & Natural Resources

5                                   Division U.S. Department of Justice
                                  Washington, D.C. 20530

6

7

      Date:   _3/22/21_____           _s/ Rachel Hankey_____

8                                   RACHEL A. HANKEY #226325(CA)
                                  Trial Attorney

9                                   Environmental Enforcement Section
                                  Environment & Natural Resources

10                                 Division U.S. Department of Justice
                                P.O. Box 7611

11                                 Washington, DC 20044-7611
                                Phone: (415) 744-6471

12                                 Email: rachel.hankey@usdoj.gov

13

14                                 BRIAN T. MORAN
                                United States Attorney

15

16                                 BRIAN C. KIPNIS
                                Assistant United States Attorney

17                                 Office of the United States Attorney
                                Western District of Washington

18                                 5220 United States Courthouse

19                                 700 Stewart Street
                                Seattle, WA 98101-1271

20                                 Phone: (206) 553-7970

21                                 Email: brian.kipnis@usdoj.gov

22

23                                 STATE OF WASHINGTON

24                                 ROBERT W. FERGUSON
                                Attorney General

25

26       Date:    ___3/22/21_____        _s/ Jonathan Thompson_____

27                                 JONATHAN THOMPSON
                                WSBA No. 26375

28                                 Assistant Attorney General

2425 Bristol Court S.W.
P.O. Box 40117
Olympia,  WA 98504-0117
(360) 586-6740
jonathan.thompson@atg.wa.gov


J


Date:  ___3/22/21_____          s/ Stephen Suagee _____

STEPHEN H. SUAGEE, WSBA No. 26776
Office of Tribal Attorney
Lower Elwha Klallam Tribe
2851 Lower Elwha Rd.
Port Angeles, WA 98363
(360) 504-3001
steve.suagee@elwha.org


PORT GAMBLE S'KLALLAM TRIBE:


Date:  ___3/22/21_____          s/ Steven Moe _____
STEVEN D. MOE, WSBA No. 41123
Legal Department
Port Gamble S'Klallam Tribe
31912 Little Boston Rd. NE
Kingston,  WA 98346
(360) 297-6242
smoe@pgst.nsn.us


JAMESTOWN S'KLALLAM TRIBE:

Date:  ___3/22/21_____          __s/ Craig Jacobson_____
CRAIG A. JACOBSON
HOBBS STRAUS DEAN
& WALKER, LLP
215 SW Washington Street, Suite 200,
Portland, OR 97204
T 503.242.1745  | F 503.242.1072
CJacobson@hobbsstraus.com

Rachel Hankey
USDOJ/ENRD/EES
P.O. Box 7611 Ben Franklin Station
Washington, D.C.  20044
(415) 744-6471